IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN RUTLEDGE, | : | CIVIL NO . 3:CV-05-0196 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JOHN ASHCROFT, | : | |
| Respondent | : | |

## MEMORANDUM AND ORDER

Kevin Rutledge ("Rutledge"), a federal inmate presently confined at the Low Security Correctional Institution at Allenwood, Pennsylvania, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 28, 2005, challenging a disciplinary hearing that took place while he was incarcerated at FCI Fort Dix, New Jersey. Rutledge also filed a motion for a preliminary injunction. (Doc. 3). For the reasons set forth below, both the petition and the motion, which are ripe for disposition, will be denied.

I. Factual Background.

In May 2004, officers at FCI Fort Dix, found a cell phone. On June 4, 2004, Rutledge informed officers that "[t]he cell phone that was found inside the camp belonged to [him], a friend dropped it off on base and [he] picked it up (the cell phone), [he] used it as [he] walked" around the track. (Doc. 8-2, p. 18). He identified the subscriber of the cell phone as a friend. He stated that he had used the phone from January 2004 until May 2004.

As a result of the above, an incident report was issued charging Rutledge with two violations: use of the telephone for abuses other than criminal activity in violation of Code 297 of the Bureau of Prisons disciplinary code; and possession of anything not authorized in

violation of Code 305. (Doc. 8-2, p. 8). Rutledge appeared before the Unit Disciplinary Committee (UDC) on June 8, 2004, at which time the UDC referred the charge to the disciplinary hearing officer. A copy of an "Inmate Rights at Discipline Hearing" form and notice of hearing were provided to Rutledge on June 8, 2004. (Doc. 8-2, pp. 16, 17).

The disciplinary hearing was held on June 16, 2004. Rutledge was present and indicated that he understood his rights. *Id.* at p. 10. In arriving at a determination of guilt, the disciplinary hearing officer relied on Rutledge's admission of guilt contained in the incident report, as well as Rutledge's statement that the cell phone was delivered to him at the institution during visiting hours by his friend, Nidia Coradin. The disciplinary hearing officer also relied on a memorandum which documented communication by the reporting officer with the cell phone provider, T-Mobile, which confirmed that Nidia Coradin was the cell phone subscriber. The account was established on January 13, 2004, and was suspended May 1, 2004, because the cell phone was reported as being lost or stolen. Also, the disciplinary hearing officer took into account the fact that Nidia Coradin was on both Rutledge's phone and visiting lists. In addition, Rutledge admitted to the disciplinary officer that he had the cell phone in his possession and that he used it when he was outside. He also reiterated that it was dropped off by a friend.

After consideration of all the evidence presented at the hearing, the disciplinary hearing officer concluded that Rutledge had committed the prohibited acts of possession of anything unauthorized and use of phone for abuses other than criminal. He was disallowed a total of 40 days good conduct time, he forfeited non-vested good conduct time of 73 days, lost both phone

and visitation privileges for a period of one year and was sanctioned 45 days of disciplinary segregation. (Doc. 8-2, p. 12).

II. Discussion.

A habeas corpus petition pursuant to 28 U.S.C. § 2241 is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-499 (1973). A violation of a prisoner's liberty interest may be addressed by a writ of habeas corpus only to the extent that the alleged violation impacts a prisoner's length of confinement. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). Rutledge's claim that his due process rights have been violated, and that the violation has resulted in the imposition of the sanction of loss of good conduct time, which lengthens his prison term, is properly brought in a habeas corpus petition.

While extreme limitations on the due process rights that arise from the Fourteenth Amendment have been imposed by the Supreme Court in *Sandin v. Connor*, 515 U.S. 472 (1995), the applicability of those protections to matters where an inmate is faced with the loss of good conduct time credit, as is the case here, was left undisturbed. The disciplinary proceedings challenged by Rutledge must be evaluated in this context.

The Bureau of Prisons' ("BOP") disciplinary process is fully outlined in Code of Federal Regulations, Title 28, Sections 541.10 through 541.23. These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate, or attempt to violate, institutional rules. The first step requires filing an incident report and conducting an

investigation pursuant to 28 C.F.R. § 541.14. Staff is required to conduct the investigation promptly unless circumstances beyond the control of the investigator intervene. 28 C.F.R. § 541.14(b). Following the investigation, the matter is then referred to the UDC for a hearing pursuant to 28 C.F.R. § 541.15. If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing. 28 C.F.R. § 541.15. Based on the seriousness of the offense, the matter was referred for a disciplinary hearing. (Doc. 8-2, p. 8).

High severity category offenses carry a possible sanction of loss of good conduct time credits, *inter alia*. 28 C.F.R. § 541.13. When a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive: (1) written notice of the claimed violation at least twenty--four hours in advance of the hearing, (2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. *See Wolff*, 418 U.S. at 564. All indications from the record are that the BOP afforded Rutledge these protections, and Rutledge does not argue otherwise.

However, he does contest the sufficiency of the evidence to support a finding of guilt on the Code 297 violation. Specifically, he contends that the "code 297 language is satisfied when

an abuse occurred on the Federal Property phone systems that the Bureau of Prisons installed within the actual institution itself. Not a cell-phone, a contraband cell phone that have [sic] no relation, or connection to the Federal Bureau of Prisons Telephone Systems." (Doc. 1, p. 9).

The disciplinary hearing officer's decision is required to be supported by "some evidence" in the record. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *see also Young v. Kann*, 926 F.2d 1396, 1402-03 (3d Cir. 1991) (applying *Hill* standard to federal prisoner due process challenges to prison disciplinary proceedings). Determining whether this standard is met does not require examination of the entire record, independent assessment of witness credibility, or weighing of the evidence; the relevant question is whether there is any evidence in the record that could support the disciplinary hearing officer's conclusion. *See Hill*, 472 U.S. at 454. In considering the evidence, as recited in the factual background section, *supra*, the court finds that there was "some evidence" to support the disciplinary hearing officer's decision.

The Respondent argues that a review of the plain language of prohibited act Code 297 reveals that Rutledge's contention that he should not have been charged with a Code 297 violation because he was using a cell phone rather than the institutional phone system is meritless. Code 297 prohibits the following:

> Use of the telephone for abuses other than criminal activity (e.g., circumventing telephone monitoring procedures, possession and/or use of another inmate's PIN number; third-party calling; third party billing; using credit card numbers to place telephone calls, conference calling; talking in code).

28 C.F.R. § 541.13, Table 3. The Court agrees with respondent that use of a contraband cellular

5

phone clearly falls within the scope of Code 297. Further, in considering the evidence recited in the factual background section, the Court finds that there was "some evidence" to support the disciplinary hearing officer's decision. Thus, the petition will be denied with respect to Rutledge's claim that there was insufficient evidence to support the disciplinary hearing officer's decision to find him guilty of a Code 297 violation.

Rutledge also challenges the severity of the sanctions received. The sanctions that may be imposed upon a finding of guilt of a "High Category" offense include, *inter alia*, forfeit earned statutory good conduct time or non--vested good conduct time up to 50% or up to 60 days, whichever is less, disallow between 25 and 50% (14-27 days) of good conduct time available for the year, imposition of up to 60 days disciplinary segregation, and loss of privileges. 28 C.F.R. §541.13. Rutledge is not entitled to relief on this ground as the sanctions imposed upon him are within the range permitted. Further, the Court is unconvinced by Rutledge's argument that he should not have lost visitation privileges because this privilege is unrelated to the violation. Rutledge fails to recognize that he secured the cell phone during a visitation session. There is therefore sufficient evidence to support the sanction of loss of visitation privileges.

Based on the above, the petition for habeas corpus, as well as Rutledge's motion for a preliminary injunction (Doc. 3), will be denied.

An appropriate Order will issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN RUTLEDGE,<br>Petitioner | : | CIVIL NO. 3:CV-05-0196 |
| | : | (Judge Munley) |
| v. | : | |
| JOHN ASHCROFT,<br>Respondent | : | |

## ORDER

AND NOW, to wit, this 13th day of June 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1) and the motion for a preliminary injunction (Doc. 3) **IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED;

2. Petitioner's motion for a preliminary injunction (Doc. 3) is DENIED;

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court